## Ex parte UBALDINO.

(District Court, W. D. Washington, N. D. December 30, 1921.)

No. 6440.

1. **Aliens** ☞53—**Deportation must be to country from which he came.**
Where an alien entered the United States from Canada, where he had been a resident, his deportation must be to Canada, and the mere fact that his father resides in Italy does not authorize his deportation to that country.

2. **Aliens** ☞54—**Court may modify order of deportation.**
The court in which habeas corpus proceedings have been brought by an alien to review an order of deportation may modify such order to direct his deportation to the proper country.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Habeas Corpus. Petition by Vincenzo Ubaldino for writ to secure release from order of deportation. Order of deportation modified and writ denied.

John F. Dore, of Seattle, Wash., for petitioner.

Thomas P. Revelle, U. S. Atty., and John A. Frater, Asst. U. S. Atty., both of Seattle, Wash., for the United States.

NETERER, District Judge. [1] The alien is ordered deported to Italy. It is conceded that the petitioner is wrongfully in this country. It is contended that there is no warrant of law in the record authorizing the deportation to Italy. The only testimony in the record with relation to the petitioner's nativity is:

"Q. What is your father's name? A. Ubaldino. Q. Where does he live? A. Italy. Q. Whereabouts in Italy? A. Carmina."

Examined by his counsel: "Q. You have been living in Canada all of the time? A. Yes. Q. The only countries you have been living in is Canada and the United States? A. That is all."

There is no presumption that Italy is the country from whence the petitioner came, because his father lives there. The record is conclusive that the petitioner was heretofore deported to Canada from the United States; that he came to the United States from Canada, and lived in Canada for some time. The Immigration Act provides that the alien shall be taken into custody and returned to the country from whence he came. Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼jj, 4289¼k. Hence, under the testimony, the only country to which the petitioner can be deported is Canada.

[2] The practice of the Circuit Court of Appeals of the Second Circuit is to modify the order of deportation by directing the alien to be returned to the proper country. United States v. Sisson, 232 Fed. 599, 146 C. C. A. 557.

The order here will be that the warrant of deportation be amended, so as to deport the petitioner to Canada, instead of to Italy, and unless notice of appeal is given within 10 days the order of deportation may be considered amended, and the petitioner deported to Canada.