## Ex parte LAZZARO (two cases).

(District Court, W. D. Washington, N. D.   October 30, 1923.)

### Nos. 7037, 7038.

Aliens ☞54—Deportation of aliens to Italy for profiting on wages of prostitutes held authorized.

> Under Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼k, providing for the deportation of undesirable aliens, the Secretary of Labor had the discretion to order the deportation to Italy of aliens born in Italy, who came to the United States from Canada, on the ground that they profited from the earnings of prostitutes, and that discretion cannot be interfered with by habeas corpus and certiorari.

In the matter of the application of Domenico Lazzaro for writs of habeas corpus and certiorari, and in the matter of the application of Bambino Lazzaro for writ of habeas corpus.   Writs denied in each case.

John J. Sullivan, of Seattle, Wash., for petitioners.

Thomas P. Revelle, U. S. Atty., and De Wolfe Emory, Asst. U. S. Atty., both of Seattle, Wash.

NETERER, District Judge.   The status of both petitioners rests upon the same facts.   Each has been ordered deported to Italy upon the grounds, that "Domenico Lazzaro" has been found connected with the management of a house of prostitution, that he has been found sharing in and profiting from the earnings of a prostitute, and that he has been found assisting a prostitute, and "Bambino Lazzaro" has been found connected with the management of a house of prostitution, has been found receiving, sharing in, or deriving benefit from the earnings of a prostitute, and that she has been found assisting a prostitute.   There is no question from the testimony as to the facts.   The relators are husband and wife.   Domenico came to the United States from Canada.   Both were born in Italy.   Section 4289¼k, Comp. St. 1918, Comp. St. Ann. Supp. 1919, provides:

> "The deportation of aliens provided for in this act shall, at the option of the Secretary of Labor, be to the country whence they came or to the foreign port at which such aliens embarked for the United States; or, if such embarkation was for foreign contiguous territory, to the foreign port at which they embarked for such territory."

The Secretary of Labor is clearly within his right, and the court has no power to interfere with the exercise of that discretion.   In re Ubaldino, 293 Fed. 901, December 30, 1921, has no application.   The proofs in that case did not establish nativity of the petitioner in Italy, but rather presumptively in Canada.

The writ in each case will be denied.